UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEALED PLAINTIFF JOHN DOE #1,

                Plaintiff,

-against-

THE PEOPLE OF THE STATE OF CALIFORNIA, *et al.*,

                Defendants.

19-CV-2494 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his rights in Pasadena, Los Angeles County, California. For the following reasons, this action is transferred to the United States District Court for the Central District of California.

## BACKGROUND

Plaintiff alleges that Defendants violated his rights when they "trafficked [him] from Pasadena, CA to a 95 court against his will, forced injected him with anti-histamines . . . until he could no longer communicate." (Compl. at 5.) He also alleges that Defendants incarcerated him for 90 days and involuntarily civilly committed him. He names as defendants the State of California, Doe defendants 1-9, and private individuals residing in Los Angeles County. He asserts that the Doe defendants are "intermediaries for" the State of California and that they reside in New York City; Alexandria, Virginia; Washington D.C.; and Texas. (*Id.* at 4.)

In his relief section, Plaintiff requests that the Court "speak to" an individual in the public defender's office in the Central District of California and to another individual in the Northern District of Virginia. (*Id.* at 6.)

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under § 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff's allegation that a Doe defendant resides in New York City supports the finding that this Court is a proper venue under § 1391(b)(1). But even if the Court is a proper venue, it may transfer Plaintiff's claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006).

Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under § 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Pasadena, California, where Defendants allegedly detained Plaintiff and any records associated with his detention are located. Pasadena is in Los Angeles County, which falls within the Central District of California. *See* 28 U.S.C. § 84(c). Venue is therefore proper in the Central District of California. *See* 28 U.S.C. § 1391(b). Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Central District of California. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the Central District of California. Whether Plaintiff should be permitted to proceed further without prepayment of fees and as a John Doe plaintiff are determinations to be made by the transferee court. Whether Plaintiff's

3

motion (ECF No. 4) should be granted or denied is also left to the transferee court. A summons shall not issue from this Court. This order closes this case and all open matters shall be terminated.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: April 17, 2019
        New York, New York

                                            COLLEEN McMAHON
                                     Chief United States District Judge